UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH PRINZO, on behalf of herself and all other employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANNAFORD BROS. CO., LLC,<br><br>Defendant. | CIVIL ACTION NO. 1:21-cv-10968 |

**DEFENDANT HANNAFORD BROS. CO. LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Hannaford Bros. Co., LLC ("Hannaford") by and through its undersigned counsel, respectfully files this Notice of Removal from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts.  In support thereof, Hannaford states as follows:

**Background**

1. On or about April 28, 2021, Plaintiff Judith Prinzo ("Plaintiff") filed a Class Action Complaint and Jury Demand (the "Complaint") against Hannaford in the Superior Court of the Commonwealth of Massachusetts, Plymouth County.  The case is captioned Judith Prinzo, on behalf of herself and all other employees similarly situated v. Hannaford Bros. Co., LLC, Docket No. 2183CV00323 ("the State Court Action").  See Exhibit A, Complaint.

2. This removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Hannaford's May 20, 2021 receipt of a Summons and copy of the Complaint. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Hannaford in the State Court Action are attached hereto as Exhibit B.

## Venue

3. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because the State Court Action was filed within this District.

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## Grounds for Removal: CAFA and Diversity Jurisdiction

5. Removal is proper because this Court has original jurisdiction over the putative class action under the Class Action Fairness Act ("CAFA") and based upon the requirements of 28 U.S.C. § 1332(a).

6. Under CAFA, which is codified in part at 28 U.S.C. § 1332(d), jurisdiction exists because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member, Plaintiff, is different from that of Hannaford, the only defendant; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs.

7. In addition, this Court has original jurisdiction over Plaintiff's individual claims pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." This Court has jurisdiction under § 1332(a) because the citizenship of Plaintiff and Hannaford are different and the matter in controversy with respect to Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs.

## Diversity of Citizenship Exists in this Case

8. For original jurisdiction to exist under CAFA, "any member of a class of plaintiffs must be a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Plaintiff is a resident of and citizen of the Commonwealth of Massachusetts. Compl. ¶ 4.

10. Hannaford is a Maine limited liability company. Hannaford's sole member is ADUSA Commercial Holdings, Inc., a Delaware corporation with its principal place of business in North Carolina. Hannaford is thus a citizen of Delaware and North Carolina for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (holding that for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members).

11. Because Hannaford and Plaintiff are citizens of different states, diversity of citizenship exists. See 28 U.S.C. §§ 1332(a)(1); 1332(d).

12. Additionally, because Hannaford is not a citizen of the state in which the action was originally filed, the "home state" or "local controversy" exceptions to CAFA jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) do not apply.

**The Aggregate Amount in Controversy Exceeds $5 Million Dollars**

13. For original jurisdiction to exist under CAFA, the aggregate amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

14. For original jurisdiction to exist under 28 U.S.C. § 1332(a) with respect to Plaintiff's individual claims, the aggregate amount in controversy must exceed $75,000 dollars, exclusive of interests and costs. 28 U.S.C. § 1332(a).

15. The Civil Action Cover Sheet filed by Plaintiff in the State Court Action states simply that the amount in controversy is "$50,000+." See Exhibit B. Where, as here, a plaintiff does not allege a specific total amount of damages in the complaint, the defendant must only show by a "reasonable probability that more than $5 million is at stake in th[e] case" for CAFA

jurisdiction to attach. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 49 (1st Cir. 2009). "This burden is not, however, a heavy one" and "because 'questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced,' the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." Sierra v. Progressive Direct Ins. Co., No. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012) (quoting Amoche, 556 F.3d at 50).

16. Although Hannaford maintains that neither Plaintiff nor any member of the putative class has suffered any damages as a result of the underlying factual allegations in the Complaint and denies that class action treatment is appropriate, the aggregated recovery sought in the Complaint on behalf of the putative class exceeds $5 million and on behalf of Plaintiff individually exceeds $75,000. Therefore, the amount in controversy requirements for both types of federal diversity jurisdiction are satisfied.

17. Plaintiff purports to represent a class of all department managers who worked for Hannaford in the Commonwealth of Massachusetts and alleges that Hannaford failed to pay Plaintiff and the putative class members overtime, Sunday pay, and holiday pay premiums during the limitations period. Compl. ¶ 11.

18. The Complaint states that the putative class "consists of more than 50 members," and it alleges that Plaintiff and the putative class worked 5 or more hours of uncompensated overtime per week. Compl. ¶¶ 14, 32. Similarly, the Complaint alleges that Hannaford wrongfully withheld Sunday pay and holiday pay premiums from Plaintiff and the putative plaintiff class members on a weekly basis. Compl. ¶¶ 51, 56.

19. Based on Hannaford's review of its records and Hannaford's understanding of the putative class sought by Plaintiff in the Complaint, there are more than 150 current and former employees that would fit within the definition of the putative class.

20. Pay premiums from working overtime, working on Sundays, and working on holidays are subject to liquidated treble damages under the Massachusetts Wage Act. M.G.L. c. 149, § 150, and Plaintiff seeks such liquidated treble damages on behalf of herself and the putative class members. Compl. ¶¶ 48, 52, and 57.

21. In addition to back pay and treble damages, violations of the Massachusetts Wage Act can result in an award of attorneys' fees, which must also be considered when determining whether the amount in controversy confers federal jurisdiction. See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) ("Normally, attorneys' fees are excluded from the amount-in-controversy determination . . . There are two exceptions to this rule: when the fees are provided for by contract, and when a statute mandates or allows payment of fees.") (emphasis added) (internal citations omitted); Lucas v. Ultima Framingham LLC, 973 F.Supp. 2d 98, 101 (D. Mass. 2013) (denying motion to remand in wage act retaliation case under M.G.L. c. 148, § 149A, explaining that the "court must take into account attorneys' fees where, as here, the award of those fees is statutorily authorized").

22. For the foregoing reasons, the amount in controversy in this case exceeds $5,000,000 with respect to the putative class and $75,000 with respect to Plaintiff's individual claims.

**Membership in the Putative Class Exceeds 100 Persons**

23. Under CAFA, the Court must decline to exercise jurisdiction of a class action if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). The Complaint states that the putative plaintiff class "consists of more

than 50 members." Compl. ¶ 14. Moreover, based on Hannaford's review of its records and Hannaford's understanding of the putative class sought by Plaintiff in the Complaint, there are more than 150 current and former employees that would fit within the definition of the putative class. Therefore, the threshold requirement for jurisdiction under CAFA is satisfied.

### Notice to State Court and Adverse Party

24. Pursuant to 28 U.S.C. § 1446(d), promptly after filing of this Notice, a notice of this removal, together with a copy of this Notice, will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Plymouth County, and will also be served on opposing counsel.

WHEREFORE, Hannaford hereby removes this case from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts and respectfully asks that this action proceed in this Court.

\*\*\*

Respectfully submitted,

**HANNAFORD BROS. CO., LLC,**

By its attorneys,

By: */s/ Christopher M. Pardo*
Christopher M. Pardo (BBO# 674674)
 cpardo@HuntonAK.com
Elizabeth L. Sherwood (BBO# 687866)
 esherwood@HuntonAK.com
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
Tel: (617) 648-2800
Fax: (617) 433-5022

Dated: June 9, 2021

## **CERTIFICATE OF SERVICE**

      I, Christopher M. Pardo, hereby certify that on June 9, 2021, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record via electronic mail at the follow addresses:

| | |
|---|---|
| Stephen Churchill<br>Fair Work, P.C.<br>192 South St, Ste 450<br>Boston, MA 02111<br>*steve@fairworklaw.com* | Benjamin Knox Steffans<br>Steffans Legal PLLC<br>7 North Street, Suite 307<br>Pittsfield, MA 01201<br>*bsteffans@steffanslegal.com* |

                                          */s/ Christopher M. Pardo*
                                          Christopher M. Pardo

074487.0001321 EMF_US 85491464v4