# Exhibit A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

PLYMOUTH, ss.                                          Civil Action No.

JUDITH PRINZO on behalf of herself
and all other employees similarly situated,

                    Plaintiff,

        v.

HANNAFORD BROS. CO., LLC,

                    Defendant.

<u>Class Action Complaint and Jury Demand</u>

Plaintiff Judith Prinzo brings this class action concerning Defendant's failure to comply with

Massachusetts law relative to the payment of overtime and for work performed on Sundays and

holidays. In support of this complaint, Ms. Prinzo states as follows.

<u>Introduction</u>

1.      Hannaford Bros. Co., LLC ("Hannaford") owns and operates numerous

supermarkets in multiple states, including Massachusetts.

2.      This case alleges that it is Hannaford's policy or practice to reduce its labor costs by

classifying its Department Managers as exempt from overtime and premium-pay provisions under

the Massachusetts Wage Acts ("MWA").

3.      Plaintiff brings this action on behalf of herself and a class of similarly situated

current and former Department Managers who worked at Hannaford stores in Massachusetts

pursuant to Mass. R. Civ. P. 23, for violations of the MWA's overtime provisions, M.G.L. ch. 151,

§§ 1A *et seq.*, the MWA's payment-of-wages provision, M.G.L. ch. 149, §148, the MWA's Sunday-pay

provision, M.G.L. ch. 136, § 6, and the MWA's holiday-pay provisions, M.G.L. ch. 136, § 13.

<u>Parties</u>

4.      Plaintiff Judith Prinzo ("Ms. Prinzo") is a Massachusetts resident residing in Middleboro, Plymouth County, Massachusetts.

5.      Ms. Prinzo was employed as a Department Manager at the Hannaford store in Middleboro, Massachusetts for about 13 years, until her termination in January 2021.

6.      Ms. Prinzo regularly worked more than 40 hours a week without being paid overtime for the hours she worked over 40.

7.      Ms. Prinzo regularly worked Sundays without being paid a premium for doing so.

8.      Ms. Prinzo regularly worked holidays without being paid a premium for doing so (the "Protected Holidays").

9.      Ms. Prinzo has satisfied the administrative prerequisites for filing this action and has received authorization from the Massachusetts Attorney General's Office to pursue this matter through a private civil lawsuit.

10.      Defendant Hannaford Bros. Co, LLC is a Maine company with a principal office located at 145 Pleasant Hill Road, Scarborough, Maine.

<u>Class Action Allegations</u>

11.      Plaintiff brings this action on behalf of herself and a class of persons who work or have worked during the relevant limitations period for Hannaford in Massachusetts as Department Managers, including, but not limited to, those working in the deli, meat, bakery, produce, customer service, grocery, or seafood departments, who did not receive overtime premium pay for all hours worked over 40 in a workweek (the "Overtime Class"), did not receive a premium for hours worked on Sunday (the "Sunday Class"), or did not receive a premium for hours worked on Protected Holidays (the "Holiday Class") (collectively, the "Massachusetts Classes").

12.     The persons in each of the Massachusetts Classes are so numerous that joinder of all members is impracticable.

13.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Hannaford.

14.     Upon information and belief, each of the Massachusetts Classes consists of more than 50 members.

15.     Plaintiff will fairly and adequately protect the interests of the Massachusetts Classes.

16.     Hannaford has acted or refused to act on grounds generally applicable to the Massachusetts Classes, thereby making relief appropriate with respect to the class as a whole.

17.     On information and belief, Hannaford has uniform policies, practices, and procedures for all of its stores, including with respect to the actual duties that its Department Managers are called upon to perform. As a result, common questions of law and fact exist as to the Massachusetts Classes and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

    a.     Whether Hannaford misclassified Plaintiff and the members of the Overtime Class as exempt from the requirements of the MWA's overtime requirements;

    b.     Whether Hannaford misclassified Plaintiff and the members of the Sunday Class as exempt from the requirements of the MWA's Sunday-pay requirements;

    c.     Whether Hannaford misclassified Plaintiff and the members of the Holiday Class as exempt from the requirements of the MWA's holiday-pay requirements;

    d.     Whether Hannaford failed to pay Plaintiff and the members of the Overtime Class overtime for all hours worked over forty in a workweek;

    e.     Whether Hannaford failed to pay Plaintiff and the members of the Sunday Class a premium for all hours worked on Sunday;

f.      Whether Hannaford failed to pay Plaintiff and the members of the Holiday Class a premium for all hours worked on a Protected Holiday;

g.      Whether Hannaford failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Massachusetts Classes;

h.      What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

i.      Whether Hannaford failed to compensate Plaintiff and the members of the Massachusetts Classes for all of the hours they worked; and

j.      The nature and extent of class-wide injury and the appropriate measure of damages for the class.

18.     Plaintiff's claims are typical of the claims of the Massachusetts Classes she seeks to represent. Plaintiff and the members of the Overtime Class work or have worked for Hannaford as a Department Manager in its supermarket stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek.

19.     Plaintiff's claims are typical of the claims of the Massachusetts Classes she seeks to represent. Plaintiff and the members of the Sunday Class work or have worked for Hannaford as a Department Manager in its supermarket stores and have not been compensated for all of the hours worked on Sunday.

20.     Plaintiff's claims are typical of the claims of the Massachusetts Classes she seeks to represent. Plaintiff and the members of the Holiday Class work or have worked for Hannaford as a Department Manager in its supermarket stores and have not been compensated for all of the and/or hours worked on Protected Holidays.

21.     Plaintiff and the members of the Massachusetts Classes have all sustained similar types of damages as a result of Hannaford's failure to comply with the MWA.

4

22.     Plaintiff has retained counsel competent and experienced in complex class actions and wage and hour litigation.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

24.     The members of the Massachusetts Classes have been damaged and are entitled to recovery as a result of Hannaford's common and uniform policies, and procedures.

25.     Although the relative damages suffered by individual members of the Massachusetts Classes are not de minimis, such damages are small as compared to the expense and burden of individual prosecution of this litigation.

26.     In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Hannaford's practices, and it will allow for better enforcement of the law given judicially-recognized fears of retaliation.

<u>Class-Wide Factual Allegations</u>

27.     Plaintiff and the members of the Massachusetts Classes above have been victims of a common policy and plan perpetrated by Hannaford that has violated their rights under the MWA by denying them overtime, premium pay for Sunday work, and premium for work performed on Protected Holidays

28.     Hannaford has classified Department Managers, including Plaintiff and the members of the Massachusetts Classes' as exempt from the MWA's overtime, Sunday-pay, and holiday-pay protections and the FLSA's overtime requirements.

29.     During all relevant times, Hannaford's compensation policies with respect to these Department Managers, including Plaintiff and members of the Massachusetts Classes, have been uniform from store to store.

30.     On information and belief, the Department Managers who were classified as exempt, including Plaintiff and the Class Members, have similar primary duties, including filling customer orders, processing customer payments, stocking products, cleaning, preparing food, and other non-exempt tasks.

31.     As part of their regular pattern or practice, Hannaford failed to record all of the hours that Plaintiff and the members of the Massachusetts Classes worked, including hours that they worked before and after their regularly scheduled shifts.

32.     Plaintiff and the members of the Overtime Class regularly worked at least 45 hours a week and often more.

33.     Plaintiff and members of the Overtime Class regularly worked on Sundays.

34.     Plaintiff and the members of the Overtime Class regularly worked on Protected Holidays.

35.     All of the work that Plaintiff and the members of the Massachusetts Classes performed has been assigned by Hannaford and/or has been aware of all of the work that they performed.

36.     Upon information and belief, Hannaford's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs by violating the MWA.

37.     Hannaford's unlawful conduct has been widespread, repeated, and consistent.

<u>Count 1 – Overtime Pay</u>
<u>(Brought on Behalf of Plaintiff and the Overtime Class)</u>

38.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     At all times relevant to this Complaint, Hannaford was an "employer" of Plaintiff and the members of the Overtime Class within the meaning of the MWA's overtime provisions.

40.     At all times relevant to this Complaint, Plaintiff and the members of the Overtime Class were "employees" of Hannaford within the meaning of MWA's overtime provisions.

41.     At all times relevant to this Complaint, Hannaford employed Plaintiff and the members of the Overtime Class, suffering or permitting them to work within the meaning of the MWA's overtime provisions.

42.     Hannaford failed to pay overtime for all hours worked over forty to Plaintiff and the members of the Overtime Class, in violation of the MWA's overtime provisions.

43.     By Hannaford's failure to pay Plaintiff and the members of the Overtime Class overtime for hours worked in excess of 40 hours per week, it has knowingly and willfully violated the MWA's overtime provisions.

44.     M.G.L. c. 151, § 15, requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for at least two years.

45.     454 CMR 27.07(2) requires employers to keep records of each employee's hours worked and wages earned for at least three years.

46.     Because Hannaford willfully and unlawfully misclassified Plaintiff and the members of the Overtime Class as exempt from overtime pay requirements, it failed and continues to fail to keep and furnish records of those employees' hours.

47.     Hannaford's failure to keep and furnish the required records of hours worked for Plaintiff and the members of the Overtime Class was done with reckless indifference to the rights of others and is willful, knowing, and intentional.

48.     Due to these violations, Plaintiff and the members of the Overtime Class have incurred harm and loss and are entitled to recover from Hannaford their unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

Count 2 – Sunday Pay
(Brought on Behalf of Plaintiff and the Sunday Class)

49.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.     At all times relevant to this Complaint, Hannaford was required to pay Plaintiff and members of the Sunday Class a premium for hours worked on Sunday by operation of M.G.L. ch. 136, § 6.

51.     Hannaford suffered and permitted Plaintiff and the members of the Sunday Class to work on Sundays but did not pay them a premium for doing so.

52.     Due to these violations, Plaintiff and the members of the Sunday Class have incurred harm and loss and are entitled to recover from Hannaford their unpaid wages mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

Count 3 – Holiday Pay
(Brought on Behalf of Plaintiff and the Holiday Class)

53.     Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     At all times relevant to this Complaint, Hannaford was required to pay Plaintiff and members of the Holiday Class a premium for hours worked on Protected Holidays as set forth in M.G.L. ch. 136, § 13.

56.     Hannaford suffered and permitted Plaintiff and the members of the Holiday Class to work on Protected Holidays but did not pay them a premium for doing so.

57.     Due to these violations, Plaintiff and the members of the Holiday Class have incurred harm and loss and are entitled to recover from Hannaford their unpaid wages mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

<u>Request for Relief</u>

Plaintiff, individually and on behalf of others similarly situated, requests the following relief:

A.     Certification of this case as a class action as to the Overtime Class, the Sunday Class, and the Holiday Class pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure;

B.     Designation of Plaintiff as Class Representative and counsel of record as Class Counsel;

C.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the MWA;

D.     Unpaid overtime and liquidated damages under the MWA's overtime provisions;

E.     Unpaid premiums for work performed on Sundays and liquidated damages under the MWA's Sunday-pay provisions;

F.     Unpaid premiums for work performed on Protected Holidays and liquidated damages under the MWA's holiday-day provisions;

G.     Pre- and post-judgment interest;

H.     Attorneys' fees and costs of this action; and

I.     Such other relief as this Court shall deem just and proper.

9

## JURY DEMAND

Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

JUDITH PRINZO, on behalf of herself and
all others similarly situated

/s/ Stephen Churchill
Stephen Churchill (BBO# 564158)
Fair Work, P.C.
192 South St, Ste 450
Boston, MA 02111
(617) 607-3262
steve@fairworklaw.com

Benjamin Knox Steffans (BBO# 568535)
Steffans Legal PLLC
7 North Street, Suite 307
Pittsfield, MA 01201
(413) 418-4176
bsteffans@steffanslegal.com

Dated: April 28, 2021