# Exhibit 2

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH PRINZO, on behalf of herself and all other employees similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HANNAFORD BROS. CO., LLC, <br><br> Defendant. | CIVIL ACTION NO.  1:21-cv-10968 |

## <u>DECLARATION OF PETER NICKERSON</u>

I, Peter H. Nickerson, declare as follows:

1.      I am over the age of 18 and I am competent to attest to the facts set forth herein. Further, I am making this declaration based on my personal knowledge and, if sworn as a witness, I could and would testify competently to the facts contained herein.

### I.      Introduction

2.      I am an economist and the principal of Nickerson & Associates, LLC, a Seattle-based consulting firm specializing in economic and statistical analyses, especially analyses that require the use of large data sets. I am engaged by Hannaford Bros. Co., LLC ("Hannaford"), the defendant in this case, to analyze and provide opinions on issues related to the claims made by plaintiffs in this litigation.

3.      I have a Ph.D. from the University of Washington. In addition to my experience as a consultant, I was a tenured professor of economics at Seattle University for 13 years and taught at New York University as an adjunct professor.  I also founded, took public, and sold an Internet technology company that specialized in the analyses and classification of large amounts of data.

4.      I have worked on a number of wage and hour cases dealing with allegations of off-the-clock work, missed meal and rest breaks, exemption misclassification, and analysis of

class certification issues, including cases involving restaurant employees, truck drivers, retail and wholesale workers, employees at agricultural firms, and call center employees. I have qualified as an expert and testified in depositions and trials in federal and state courts in Alaska, Iowa, Oregon, California, Washington, Idaho, Arizona, Louisiana, and Virginia. I have attached a vita and a description of my consulting firm to this report as **Appendix A**.

5.      I have been retained by Hannaford to provide an estimate of alleged potential damages in response to Plaintiff's motion to remand, and the extent to which the total amount in controversy may or may not exceed the threshold necessary for this case to remain in federal court.  It is my understanding that this is a misclassification case wherein Plaintiff and the class members allege they were nonexempt but classified as exempt salaried employees by Hannaford.

6.      I have been provided with and have reviewed the following data as business records:

- Tenure data for 145 Massachusetts department managers employed by Hannaford, which indicate any changes to an employee's status, job title, location, salary, etc., as well as the effective date thereof, dating back to 2018.

- Bonus data for these 145 managers with annual bonuses received in the years spanning 2018 and 2021.  It is my understanding that a bonus is typically received in the Spring of the year following the calendar year of work it reflects.

- Schedule data for these 145 managers dating back to January 2018.  These indicate the dates and times each manager scheduled themselves work.

7.      Assuming Plaintiff prevails in this case, that is, Plaintiff and the class should have been classified as nonexempt, then they would be owed damages in the form of missed overtime pay.  In addition to this, they would be owed for work performed on Sundays and holidays, per Massachusetts state law.  All of these alleged damages are subject to mandatory trebling.

8.      In order to calculate alleged potential damages, I first limited the tenure data to those records where the employee was in one of the following covered job titles:

- DELI SALES MANAGER SAL EX

- PRODUCE SALES MANAGER SAL EX
- BAKERY SALES MANAGER SAL EX
- CENTER STORE MANAGER SAL EX
- MGR CUSTOMER SERVICE SAL EX
- MEAT MKT SEAFD SLS MGR SAL EX
- DELI BAKERY SALES MGR SAL EX
- DELI SEAFOOD SALES MGR SAL EX
- MEAT MKT SALES MANAGER SAL EX

9.      I then joined the annual bonus to each tenure period, based on my understanding that a bonus paid in one year was paid for work performed in the prior year.  No bonuses were therefore applied to tenure periods in 2021, since bonuses for that year will not be paid until 2022.  Since the tenure data already contains salary information, I combined the tenure data with the joined bonus to calculate the total weekly pay for each tenure period for each employee, by dividing the sum of the salary and bonus by 52.

10.     For purposes of my analysis of the estimated overtime damages, I was instructed to assume that, if an employee scheduled themselves to have an entire week of vacation or PTO, they worked 0 hours that week.  If an employee did not schedule themselves to have an entire week of vacation or PTO, I was instructed to assume that they worked 50 hours that week (10 overtime hours assuming they are nonexempt).

11.     For purposes of my analysis of the estimated Sunday and holiday premium damages, I was instructed to assume that each employee worked as many hours on a Sunday or holiday as the schedule data indicated.

12.     I calculated the regular rate for each employee by dividing the weekly salary/bonus pay by 50 hours.

13.     Estimated alleged damages were calculated by multiplying the regular rate in that week by 0.5 and then multiplying by 10 overtime hours.  If the sum of the assumed Sunday and holiday hours exceeded the 10 overtime hours in that week, then the balance of those two

amounts received an additional Sunday or holiday premium equal to one less than the greater of the applicable Sunday and holiday premiums in effect on that date.  For example, if the applicable Sunday premium under Massachusetts law was 1.4x, and the holiday premium was 1.5x, then I applied 0.5x (1.5 – 1) to the regular rate to the balance of weekly Sunday and holiday hours calculated above.

14.     Using this methodology I calculated total alleged overtime, Sunday, and holiday damages of $1,589,794 from April 28, 2018 through June 9, 2021.  Trebled, this becomes $4,769,383.  **Appendix B** shows the trebled and non-trebled damages estimates for each of the 145 employees (by personnel number) included in my analysis.  The estimated treble alleged damages for Plaintiff using this methodology are $54,159.

15.     As noted in paragraph 14, the figures in paragraph 14 estimate damages through June 9, 2021.  It is my understanding that Hannaford has continued to classify the department managers as exempt.  This means that alleged damages in this case continue to accrue.  It is my understanding that Hannaford currently has 86 exempt department manager jobs in Massachusetts.  Based on my review of the current salaries of the employees currently employed in these positions, the average weekly salary is $1,137.  If these employees work on average 50 hours per week, and if it is determined that they are nonexempt, the weekly overtime that they would be due using the same regular rate calculation outlined above would be approximately $9,438 per week, trebled to $28,313 per week.  This means that the total estimated alleged trebled damages at issue in this case would reach $5 million, exclusive of attorney's fees, on or around the work week ending on August 7, 2021, and the total estimated alleged trebled damages at issue in this case would reach approximately $6,581,396, exclusive of attorney's fees, by the September 6, 2022 trial date.

16.     It is my understanding that Plaintiff does not currently agree that the damages in this case should be calculated by dividing their weekly salaries by all hours worked and then multiplying that regular rate by 0.5, which as discussed above is the methodology I used in the above analysis.  Instead, it is my understanding that Plaintiff claims that the damages in the case

should be calculated by dividing their weekly salaries by 40 hours and then multiplying that regular rate by 1.5.  Though I do not agree with this methodology, I was asked to calculate trebled damages from April 28, 2018 through June 9, 2021, using this methodology.  That methodology results in estimated alleged trebled damages of $16,558,433.  **Appendix C** shows the trebled and non-trebled damages estimates for each of the 145 employees (by personnel number) included in my analysis.  The estimated treble alleged damages for Plaintiff using this methodology are $184,322.

17.    The analysis above is based on the data made available to me and the assumptions I was asked to make.  I reserve the right to make any necessary revisions to my analysis should additional data be made available or should discovery in this case suggest that additional and/or different assumptions be made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____Seattle_____, WA this __6th__ day of August, 2021.

_s/_ _____
Peter Nickerson

# NICKERSON & ASSOCIATES LLC

#### Economists • Statisticians • Data Analysts

---

*Nickerson & Associates LLC is a consulting firm with more than 40 years' experience specializing in applying economics, statistics, and computer-related analyses to business and public policy issues. Our clients have included numerous law firms; Fortune 500 companies; small and medium size businesses; federal, state, and local government entities; the U.S. Department of Justice; and labor and trade organizations. As consultants we have calculated damages in litigation; performed numerical, statistical, and econometric analyses both for litigation and public policy studies; and provided expert testimony in jury and bench trials on numerous occasions. In related capacities, we have been integrally involved in mediation and settlement discussions and served as Settlement Administrators in a number of class action cases.*

### Economic Analyses

Nickerson & Associates LLC is often asked to apply economic reasoning and theory to analyze real-world events. We have, for example, forecasted timber harvests in light of environmental laws, studied the effect of an oil spill on fishery permit prices in Alaska, and analyzed corporate restructuring plans and the effect of such plans on the age and gender distribution of employees. In the public policy arena, we have carefully analyzed and constructed simulations of the effect of agency rules on the distribution of state contracts across contractors and the effect of such policy on individual firms.

### Econometric and Statistical Analyses

Often we are asked to perform econometric and statistical analyses to test for the inference of causality or relatedness. Employment decisions, environmental damage and forecasting typically lend themselves to this sort of analyses. We often discuss with clients our opinion regarding the appropriateness of using statistical analyses in certain circumstances and have been asked on numerous occasions to assess others' statistical work and the integrity of data.

### Damages

Much of the litigation work performed by Nickerson & Associates LLC involves economic damage assessment. Examples include economic loss in individual employment cases, development of structured settlement methodologies in class action consumer and wage and hour cases, class loss estimates for corporate restructuring employment cases, and estimates of losses in contract disputes. On a number of occasions, we have been asked to develop computerized loss estimate systems to be used in settlement discussions.

### *Database Development and Compilation of Computerized Database Records*

A particular area of expertise for Nickerson & Associates LLC is the area of database development. By developing databases with high levels of integrity we provide more accurate analyses, we are able to more carefully review and critique the work done by other experts, and we can provide our clients more complete and more quickly accessible information. Using existing electronic data, we have constructed databases as large as seven million records with 160 variables in each record. We have also constructed computerized databases using non-electronic information as the primary source. In one age discrimination case against a federal agency, we constructed a sound, analytical database from 80 boxes of job applications, personnel files, and employment decision records.

### *Class Actions and Class Action Settlement Administration*

Nickerson & Associates LLC has both worked with court-appointed Settlement Administrators and been appointed the Settlement Administrator for a number of class action settlements. We have performed this work for classes as small as one hundred and as large as 35,000 individuals. We have been responsible for locating and notifying class members, responding to class members' inquiries, calculating individual awards, disbursing both the class awards and attorney's fees, and managing settlement accounts.

# NICKERSON & ASSOCIATES LLC

Economists ● Statisticians ● Data Analysts

## <u>Selected Cases</u>

<u>Shannon v. McNally, National Football League</u> (WEC 116622), Superior Court of California, Los Angeles, 1987

<u>In Re: the Exxon Valdez</u> (A89-0595-CV (HRH)), U.S. District Court, Alaska, 1989

<u>Adams et al. v. Fred Meyer</u> (3AN-90-10286), Superior Court of Alaska, 1990

<u>UFCW et al. v. Nordstrom</u> (90-2-04282-1) Superior Court of Washington, King County, 1990

<u>Clark et al. v. Carr-Gottstein Foods Co.</u> (A-94-0587-CD), U.S. District Court, Alaska, 1994

<u>Olsen v. Payless Drugstores, NW</u> (94-2-07361-9) Superior Court of Washington, Pierce County, 1994

<u>Citizens Alliance to Protect Our Wetlands v. U.S. Corps of Engineers et al.</u> (C95-591Z), U.S. District Court, Western Washington, 1995

<u>Fox et al. v. Bonneville Power Administration</u> (3:95-cv-01873-JE), U.S. District Court, Oregon, 1995

<u>Migliuri v. First Interstate Bank of Washington</u> (95-2-05972-8), Superior Court of Washington, King County, 1995

<u>Sharp et al v. Overlake Hospital Medical Center</u> (2:95-cv-01008-JCC), U.S. District Court, Western Washington, 1995

<u>Laughman et al. v. Wells Fargo Leasing Corp.</u> (96 C 925), U.S. District Court, Northern Illinois, 1996

<u>Ebeling et al. v. United Airlines</u> (2:97-cv-00347-JCC), U.S. District Court, Western Washington, 1997

<u>Davis v. WA Department of Ecology</u> (ALLO-02-0033), Personnel Appeals Board, 2002

<u>Saccoccia v. Bozeman</u> (DV-02-223), U.S. District Court, Montana, 2002

<u>Corbis Corp. v. Amazon.com</u> (CV-03-1415L), U.S. District Court, Western Washington, 2003

<u>Cao v. City of Seattle</u> (04-2-21734-2 SEA), Superior Court of Washington, King County, 2004

<u>Pitts v. Murreys Disposal</u> (04-2-07512-8), Superior Court of Washington, Pierce County, 2004

<u>Stuart v. Swinerton</u> (04 2 16611 0 KNT), Superior Court of Washington, King County, 2004

<u>Gooden v. Eagle Transport</u> (05-2-13546-3), Superior Court of Washington, King County, 2005

<u>Gonzalez et al. v. OfficeMax</u> (C07-02399 SC), U.S. District Court, Southern California, 2007

<u>Olsen v. Hoot Winc</u> (71-160-0045505 JOIB), American Arbitration Association, 2005

**Selected Cases, Cont.**

Schubeck v. King County (05-2-42224-6 SEA), Superior Court of Washington, King County, 2005

Tolbert v. Glacier (05-2-06976-7 SEA), Superior Court of Washington, King County, 2005

Turner v. University of Washington (CV05-1575L), U.S. District Court, Western Washington, 2005

Wagner v. PMA (CV05 1729 ST), U.S. District Court, Oregon, 2005

Watkins v. UPS (CV-05-1611-RSL), U.S. District Court, Western Washington, 2005

Elliott v. Cadman, Inc. (06-2-29743-1 SEA), Superior Court of Washington, King County, 2006

Lucky Break Wishbone v. Sears (06cv0312 TSZ), U.S. District Court, Western Washington, 2006

MP Medical Inc. v. Halls Medical (06-2-25495-3 SEA), Superior Court of Washington, King County, 2006

Fewel (Doe minor) v. Schnall (06-2-03644-1 SEA), Superior Court of Washington, King County, 2006

Nguyen v. Hardel Mutual Plywood (07-2-00661), Superior Court of Washington, Lewis County, 2007

Hurtado-Lopez v. Armadillo Bay (RG 08390556), Superior Court of California, Alameda County, 2008

Ballard v. TriMet (cv-09-873-PK), U.S. District Court, Oregon, 2009

Rojas v. Sunview Vineyards (09-cv-00705-AWI-SMS), U.S. District Court, Eastern District of California, 2009

Brink's Incorporated Wage And Hour Cases (BC423237, BC410374, BC392462), Superior Court of California, Los Angeles County, 2010

Faust v. Comcast (1:10-cv-02336-WMN), U.S. District Court, Northern District of Maryland, 2010

Lagos et al. v. Cogent Communications (4:11-cv-04523), U.S. District Court, Southern District of Texas, Houston Division, 2011

McCoy v. North Slope Borough (2:11-cv-00001 SLG), U.S. District Court, Alaska, 2011

# PETER H. NICKERSON, PH.D.

520 Pike Street, Suite 1200                          Main:  (206)332-0270
Seattle, WA 98101-4001                               Direct: (206)332-0271
                                                     Email:  phn@nickersonassociates.com

## SUMMARY

Over 40 years' experience as a consultant in economic and statistical analyses, damage calculations, mediation, and settlement administration.  Testimony given in court, by deposition and by affidavit, in Federal and State proceedings throughout the United States.  Six years' experience in the software/Internet industry as founder and CEO.  Led initial development and took company public, raising over eighty million dollars.  Thirteen years as a university professor teaching both graduate and undergraduate courses.

## EXPERIENCE

**Nickerson & Associates LLC, Seattle, WA**                          **1978 –Present**

Principal and President of Economics and Statistics consulting firm.

- Direct and manage consulting engagements for law firms and their clients involved in litigation relating to labor and employment issues, natural resources, and commercial transactions. Work includes mediation preparation, damages estimation, statistical and economic analyses, and public policy analyses.

- Served as Settlement Administrator in class action cases and as such responsible for notification of class members, damage calculations, award distribution, and general administration.

- Testified in numerous cases; qualified as expert in Federal and State Courts in Oregon, Washington, California, Iowa, Montana, and Alaska.

- Engaged to analyze legislative and administrative decisions as they affect public policy and potential liability.

- Taught and presented various aspects of the economics of child support, economic damages, and expert preparation to Washington State Judges Conferences, National Institute for Trial Advocacy, Pacific Coast Labor Conference, MALDEF.

- Supervise and manage nine full-time professionals and support staff and various contract professionals as needed.

**Seattle University, Seattle, WA**                          **2014 – 2015**

Adjunct Professor of Economics

**New York University, New York, NY**                          **2010 – 2013**

Adjunct Professor of Economics

Appendix A - Firm Description and CV

**EXPERIENCE (***continued***)**

**N2H2, Incorporated**                                                    **1995 – 2001**

Chief Executive Officer, President and Founder of Internet content management business.

- Grew Internet company from inception to over $10 million in annual sales and 250 employees, selling computer services to over 40% of K-12 education base in the U.S. and Australia and to businesses and educational institutions in thirteen other countries.

- Raised $15 million in private capital and led company through a $60 million public offering.

- As CEO made scores of presentations in public forums, investment conferences, education conferences and computer conferences about Internet content management, computer use in schools and businesses, and Internet content technology.

- Led numerous company initiatives and teams encompassing virtually all aspects of company functions including development, product management, customer service, marketing, and finance.

**Seattle University, Seattle, WA**                                       **1984 - 1997**

Visiting Assistant, Assistant, and ultimately Associate Professor for the Department of Economics and Finance, Albers School of Business and Economics, Seattle University. Tenured in 1991.

- Taught graduate and undergraduate courses in micro- and macro-economics, industrial organization, natural resources, and environmental economics.

- Served on numerous university, school, and departmental committees; Created, raised funding, and managed the University Adult Literacy Project; Created and served on the Board of the University Children's Literacy Project.

- Published various articles on resources, child support, and taxation in refereed journals, proceedings, and newspapers; served as session chair, discussant, and paper presenter at various professional conferences.

- Awarded Albers School of Business faculty research award and School of Business summer research grants

**University of Washington, Seattle, WA**                                 **1976 – 1983**

- Teaching Associate, Department of Economics and the School of Business, University of Washington.

- Research Assistant, Department of Economics and Institute of Marine Sciences, University of Washington.

## EDUCATION

### University of Washington, Seattle, WA

- Ph.D. in Economics **1984**
  Fields of concentration were microeconomics, natural resources, and public finance.  Research in natural resources and lottery allocation systems as they function as pricing mechanisms.

- Master of Science in Economics **1978**
  Major coursework in macro and micro economic theory, econometrics, and natural resources. Estimated demand for recreational shellfish resources for Institute for Marine Sciences.

### Washington State University, Pullman, WA

- B.A. in Economics and Business **1975**

### Stevens Institute of Technology, Hoboken, N.J.

- Engineering major **1970 - 1972**

## DIRECTORSHIPS

Chairman of the Board, N2H2, Incorporated, 1995 – 2003.

Chairman of the Board, Iseek Limited, Brisbane Australia, 2000 – 2001.

Board of Directors, One Name Corporation, Seattle, WA 2000 – 2001.

# NICKERSON & ASSOCIATES LLC

Economists • Statisticians • Data Analysts

## Rates and Billing

Hourly rates for Nickerson and Associates staff are as follows:

| | |
|---|---|
| Peter Nickerson, Ph. D. | $625 |
| Randall R. Rucker, Ph. D. | $525 |
| Verushka Fitzgerald | $325 |
| Kyle Snow | $325 |
| Ben Crockett | $350 / $390 as expert |
| Kelly Choi | $250 |
| Richard Chiem | $150 |
| Trang Nguyen | $150 |
| Project Staff | $120 - $160 |

Work is performed on a time and expenses basis. New matters will receive an initial one hour review by Dr. Nickerson.

During the course of an engagement, there may be out of pocket and other expenses incurred by Nickerson & Associates in connection with the performance of services, including but not limited to travel, telephone, and other miscellaneous expenses. Expenses will be paid directly by Nickerson & Associates LLC to the vendor and included on the next invoice to the client. Monthly billing will include expenses incurred and actual hours worked. Payments are due upon receipt of the invoice. In certain situations a retainer may be requested.

Please call Richard Chiem, Operations and Accounting Manager, at 206-322-0270 with any questions.

Appendix A - Firm Description and CV

# NICKERSON & ASSOCIATES LLC

Economists ● Statisticians ● Data Analysts

**Peter H. Nickerson, Ph.D.**
**Depositions and Trial Testimony**
**2014 - 2020**

| CASE | COURT | YEAR | DEPOSITION | TRIAL TESTIMONY |
|------|-------|------|------------|-----------------|
| Rufin v. City of Seattle | Superior Court of Washington, King County | 2014 | | YES |
| Baricuatro v. Industrial Personnel Management Services et al. | Superior Court of Washington, King County | 2014 | YES | |
| Newell v. HomeCare of WA | Superior Court of Washington, Spokane County | 2014 | YES | |
| Federal Home Loan Bank of Seattle v. Morgan Stanley, Goldman Sachs, UBS Securities, Deutsche Bank Securities, Merrill Lynch, and Credit Suisse Securities | Superior Court of Washington, King County | 2015 | YES | |
| Eat Right Foods v. Whole Foods | U.S. District Court, Western Washington | 2015 | YES | |
| Griffus et al. v. Knight Transportation | Oregon Circuit Court, Multnomah Country | 2015 | | YES |
| Williams v. Microsoft | Superior Court of Washington, King County | 2015 | YES | YES |
| Miglio v. United Airlines | U.S. District Court, Western Washington | 2015 | YES | |
| Borden v. Embassy Management | Superior Court of Washington, Pierce County | 2016 | YES | |
| Weil v. Citizens Telecom and Frontier Communications | U.S. District Court, Western Washington at Seattle | 2016 | YES | |
| Loczi v. Daimler Trucks | Oregon Circuit Court, Multnomah Country | 2016 | | YES |
| Kayshel v. O'Brien Auto | Superior Court of Washington, King County | 2017 | YES | |
| Stines v. Fidelity National | US District Court, Western Washington at Seattle | 2017 | YES | |
| USI v. Vanderzanden | American Arbitration Assocation | 2018 | YES | |

Appendix A – Firm Description and CV    Deposition and Trial Testimony cont.

Case 1:21-cv-10968-WGY    Document 27-2    Filed 08/06/21    Page 16 of 24

| | | | | |
|---|---|---|---|---|
| Gilmer v. Centene | Superior Court of Washington, Pierce County | 2019 | YES | |
| Robertson v. Valley Communications Center | Superior Court of Washington, King County | 2017 | Yes | |
| USI v. Ogden | US District Court, Western Washington at Seattle | 2018 | Yes | |
| Robertson v. Valley Communications Center | Superior Court of Washington, King County | 2019 | Yes | |
| Romney v. Franciscan Medical Group | American Arbitration Assocation | 2019 | | Yes |
| Erickson v. Biogen | US District Court, Western Washington at Seattle | 2019 | Yes | |

Appendix B – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by All Hours Worked

| Employee ID | Non-Trebled | Trebled |
|---|---|---|
| 1180329 | $ 17,347 | $ 52,041 |
| 1187702 | $ 17,300 | $ 51,900 |
| 1187737 | $ 17,173 | $ 51,519 |
| 1188160 | $ 11,797 | $ 35,390 |
| 1188202 | $ 19,317 | $ 57,952 |
| 1188215 | $ 20,539 | $ 61,616 |
| 1188343 | $ 220 | $ 661 |
| 1188351 | $ 18,588 | $ 55,765 |
| 1188374 | $ 23,102 | $ 69,305 |
| 1188414 | $ 19,758 | $ 59,274 |
| 1188510 | $ 8,874 | $ 26,623 |
| 1188629 | $ 1,903 | $ 5,710 |
| 1188695 | $ 2,056 | $ 6,167 |
| 1188719 | $ 17,452 | $ 52,357 |
| 1189078 | $ 10,298 | $ 30,895 |
| 1189141 | $ 12,107 | $ 36,321 |
| 1189638 | $ 1,027 | $ 3,081 |
| 1190131 | $ 9,421 | $ 28,263 |
| 1191731 | $ 11,291 | $ 33,874 |
| 1192867 | $ 22,101 | $ 66,303 |
| 1193956 | $ 6,874 | $ 20,621 |
| 1194521 | $ 9,697 | $ 29,092 |
| 1194534 | $ 18,934 | $ 56,803 |
| 1194560 | $ 16,759 | $ 50,276 |
| 1194564 | $ 19,380 | $ 58,141 |
| 1194574 | $ 20,605 | $ 61,816 |
| 1194580 | $ 19,755 | $ 59,266 |
| 1194581 | $ 14,520 | $ 43,561 |
| 1194589 | $ 1,437 | $ 4,311 |
| 1194590 | $ 21,433 | $ 64,300 |
| 1194594 | $ 7,120 | $ 21,359 |
| 1194604 | $ 11,313 | $ 33,939 |
| 1194638 | $ 2,693 | $ 8,080 |
| 1194644 | $ 18,635 | $ 55,906 |
| 1194683 | $ 21,667 | $ 65,001 |
| 1194709 | $ 15,960 | $ 47,881 |
| 1194724 | $ 12,957 | $ 38,872 |
| 1194746 | $ 9,488 | $ 28,463 |
| 1194752 | $ 3,622 | $ 10,866 |
| 1194821 | $ 20,379 | $ 61,137 |
| 1194838 | $ 14,028 | $ 42,083 |

Appendix B – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by All Hours Worked

| | | |
|---|---:|---:|
| 1194868 | $ 13,424 | $ 40,271 |
| 1194889 | $ 17,996 | $ 53,987 |
| 1194904 | $ 20,133 | $ 60,399 |
| 1194934 | $ 18,870 | $ 56,610 |
| 1194941 | $ 21,889 | $ 65,667 |
| 1194956 | $ 5,054 | $ 15,161 |
| 1194982 | $ 638 | $ 1,914 |
| 1195010 | $ 13,717 | $ 41,152 |
| 1195027 | $ 22,924 | $ 68,772 |
| 1195030 | $ 3,095 | $ 9,286 |
| 1195049 | $ 18,283 | $ 54,849 |
| 1195073 | $ 20,860 | $ 62,579 |
| 1195087 | $ 17,959 | $ 53,877 |
| 1195107 | $ 15,522 | $ 46,565 |
| 1195139 | $ 24,548 | $ 73,644 |
| 1195238 | $ 9,616 | $ 28,848 |
| 1195401 | $ 11,260 | $ 33,779 |
| 1195402 | $ 11,422 | $ 34,265 |
| 1195542 | $ 17,785 | $ 53,355 |
| 1195581 | $ 22,010 | $ 66,031 |
| 1195618 | $ 18,033 | $ 54,098 |
| 1195723 | $ 6,040 | $ 18,119 |
| 1195793 | $ 2,033 | $ 6,100 |
| 1196099 | $ 18,039 | $ 54,116 |
| 1196153 | $ 19,588 | $ 58,763 |
| 1196692 | $ 17,717 | $ 53,152 |
| 1197216 | $ 17,111 | $ 51,332 |
| 1197299 | $ 8,350 | $ 25,051 |
| 1197673 | $ 7,095 | $ 21,284 |
| 1199087 | $ 11,497 | $ 34,492 |
| 1199816 | $ 12,858 | $ 38,574 |
| 1200023 | $ 0 | $ 0 |
| 1200067 | $ 690 | $ 2,070 |
| 1201528 | $ 14,478 | $ 43,434 |
| 1201681 | $ 14,021 | $ 42,064 |
| 1201757 | $ 12,386 | $ 37,157 |
| 1202307 | $ 2,964 | $ 8,891 |
| 1203619 | $ 6,337 | $ 19,012 |
| 1203818 | $ 18,053 | $ 54,159 |
| 1204801 | $ 7,061 | $ 21,184 |
| 1206416 | $ 4,171 | $ 12,513 |
| 1206501 | $ 12,534 | $ 37,602 |

Appendix B – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by All Hours Worked

| | | |
|---|---|---|
| 1207728 | $ 18,828 | $ 56,485 |
| 1207851 | $ 7,383 | $ 22,149 |
| 1208228 | $ 21,193 | $ 63,578 |
| 1208624 | $ 1,144 | $ 3,433 |
| 1210158 | $ 16,477 | $ 49,431 |
| 1211769 | $ 18,362 | $ 55,087 |
| 1211944 | $ 18,200 | $ 54,599 |
| 1212841 | $ 3,354 | $ 10,061 |
| 1212842 | $ 7,380 | $ 22,140 |
| 1216097 | $ 2,935 | $ 8,806 |
| 1223847 | $ 10,511 | $ 31,534 |
| 1223902 | $ 4,316 | $ 12,947 |
| 1235056 | $ 17,911 | $ 53,734 |
| 1244465 | $ 1,457 | $ 4,371 |
| 1244475 | $ 8,092 | $ 24,277 |
| 1245415 | $ 5,821 | $ 17,464 |
| 1265370 | $ 19,614 | $ 58,843 |
| 1274776 | $ 9,183 | $ 27,549 |
| 1277245 | $ 5,395 | $ 16,184 |
| 1286734 | $ 19,780 | $ 59,339 |
| 1291510 | $ 17,522 | $ 52,565 |
| 1297231 | $ 18,330 | $ 54,991 |
| 1302426 | $ 17,794 | $ 53,381 |
| 1306423 | $ 2,271 | $ 6,813 |
| 1308174 | $ 9,534 | $ 28,602 |
| 1319861 | $ 8,557 | $ 25,671 |
| 1320644 | $ 16,579 | $ 49,736 |
| 1349116 | $ 3,750 | $ 11,249 |
| 1353928 | $ 14,905 | $ 44,715 |
| 1360307 | $ 3,224 | $ 9,672 |
| 1372398 | $ 15,278 | $ 45,833 |
| 1379701 | $ 8,280 | $ 24,840 |
| 1390148 | $ 2,781 | $ 8,343 |
| 1397590 | $ 21,439 | $ 64,317 |
| 1409247 | $ 2,437 | $ 7,312 |
| 1442807 | $ 4,760 | $ 14,279 |
| 1451124 | $ 3,097 | $ 9,290 |
| 1454234 | $ 8,537 | $ 25,611 |
| 1456341 | $ 8,898 | $ 26,695 |
| 1469077 | $ 1,795 | $ 5,384 |
| 1469805 | $ 11,681 | $ 35,042 |
| 1471475 | $ 9,667 | $ 29,000 |

Appendix B – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by All Hours Worked

| | | |
|---|---|---|
| 1495914 | $ 9,730 | $ 29,190 |
| 1498647 | $ 7,018 | $ 21,054 |
| 1510116 | $ 1,630 | $ 4,891 |
| 1520095 | $ 234 | $ 703 |
| 1529507 | $ 2,214 | $ 6,641 |
| 1531859 | $ 1,461 | $ 4,382 |
| 1544533 | $ 2,498 | $ 7,495 |
| 1546370 | $ 555 | $ 1,664 |
| 1570611 | $ 15,486 | $ 46,458 |
| 1582457 | $ 3,408 | $ 10,223 |
| 1591134 | $ 1,827 | $ 5,481 |
| 1600000 | $ 2,159 | $ 6,478 |
| 1605090 | $ 6,886 | $ 20,657 |
| 1608530 | $ 3,003 | $ 9,010 |
| 1612229 | $ 2,558 | $ 7,673 |
| 1649355 | $ 6,189 | $ 18,567 |
| 1699604 | $ 350 | $ 1,050 |
| 1701264 | $ 3,517 | $ 10,551 |
| 1705806 | $ 3,149 | $ 9,447 |
| 1723388 | $ 481 | $ 1,442 |
| **Grand Total** | **$ 1,589,794** | **$ 4,769,383** |

Appendix C – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by 40 Hours Worked

| Employee ID | Non-Trebled | Trebled |
|---|---|---|
| 1180329 | $ 59,013 | $ 177,040 |
| 1187702 | $ 62,925 | $ 188,774 |
| 1187737 | $ 59,162 | $ 177,487 |
| 1188160 | $ 40,549 | $ 121,648 |
| 1188202 | $ 67,207 | $ 201,622 |
| 1188215 | $ 70,789 | $ 212,368 |
| 1188343 | $ 827 | $ 2,480 |
| 1188351 | $ 67,849 | $ 203,547 |
| 1188374 | $ 79,763 | $ 239,290 |
| 1188414 | $ 67,051 | $ 201,152 |
| 1188510 | $ 31,252 | $ 93,757 |
| 1188629 | $ 7,138 | $ 21,413 |
| 1188695 | $ 7,709 | $ 23,127 |
| 1188719 | $ 60,780 | $ 182,339 |
| 1189078 | $ 34,908 | $ 104,724 |
| 1189141 | $ 40,903 | $ 122,709 |
| 1189638 | $ 3,851 | $ 11,554 |
| 1190131 | $ 33,022 | $ 99,065 |
| 1191731 | $ 38,640 | $ 115,919 |
| 1192867 | $ 74,432 | $ 223,296 |
| 1193956 | $ 24,180 | $ 72,541 |
| 1194521 | $ 33,316 | $ 99,949 |
| 1194534 | $ 64,347 | $ 193,042 |
| 1194560 | $ 57,176 | $ 171,528 |
| 1194564 | $ 67,036 | $ 201,107 |
| 1194574 | $ 76,399 | $ 229,198 |
| 1194580 | $ 64,490 | $ 193,471 |
| 1194581 | $ 51,858 | $ 155,574 |
| 1194589 | $ 5,389 | $ 16,167 |
| 1194590 | $ 77,419 | $ 232,257 |
| 1194594 | $ 25,156 | $ 75,467 |
| 1194604 | $ 39,284 | $ 117,851 |
| 1194638 | $ 10,100 | $ 30,299 |
| 1194644 | $ 65,267 | $ 195,800 |
| 1194683 | $ 73,893 | $ 221,680 |
| 1194709 | $ 56,371 | $ 169,112 |
| 1194724 | $ 44,019 | $ 132,058 |
| 1194746 | $ 31,507 | $ 94,520 |
| 1194752 | $ 13,126 | $ 39,377 |
| 1194821 | $ 71,141 | $ 213,423 |
| 1194838 | $ 50,875 | $ 152,625 |

Appendix C – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by 40 Hours Worked

| | | |
|---|---:|---:|
| 1194868 | $ 45,614 | $ 136,842 |
| 1194889 | $ 60,040 | $ 180,120 |
| 1194904 | $ 69,853 | $ 209,560 |
| 1194934 | $ 65,281 | $ 195,844 |
| 1194941 | $ 74,818 | $ 224,454 |
| 1194956 | $ 17,089 | $ 51,266 |
| 1194982 | $ 2,312 | $ 6,936 |
| 1195010 | $ 45,883 | $ 137,649 |
| 1195027 | $ 80,613 | $ 241,840 |
| 1195030 | $ 11,562 | $ 34,687 |
| 1195049 | $ 62,768 | $ 188,303 |
| 1195073 | $ 72,159 | $ 216,476 |
| 1195087 | $ 62,471 | $ 187,414 |
| 1195107 | $ 52,691 | $ 158,073 |
| 1195139 | $ 84,562 | $ 253,686 |
| 1195238 | $ 35,594 | $ 106,783 |
| 1195401 | $ 38,849 | $ 116,547 |
| 1195402 | $ 39,428 | $ 118,284 |
| 1195542 | $ 61,647 | $ 184,941 |
| 1195581 | $ 77,480 | $ 232,441 |
| 1195618 | $ 62,006 | $ 186,019 |
| 1195723 | $ 21,097 | $ 63,292 |
| 1195793 | $ 6,848 | $ 20,543 |
| 1196099 | $ 60,391 | $ 181,173 |
| 1196153 | $ 67,815 | $ 203,446 |
| 1196692 | $ 60,486 | $ 181,458 |
| 1197216 | $ 59,654 | $ 178,961 |
| 1197299 | $ 28,937 | $ 86,811 |
| 1197673 | $ 24,440 | $ 73,319 |
| 1199087 | $ 38,192 | $ 114,576 |
| 1199816 | $ 42,342 | $ 127,026 |
| 1200023 | $ 0 | $ 0 |
| 1200067 | $ 2,356 | $ 7,067 |
| 1201528 | $ 53,422 | $ 160,266 |
| 1201681 | $ 48,659 | $ 145,976 |
| 1201757 | $ 41,661 | $ 124,984 |
| 1202307 | $ 10,692 | $ 32,077 |
| 1203619 | $ 23,058 | $ 69,173 |
| 1203818 | $ 61,441 | $ 184,322 |
| 1204801 | $ 24,642 | $ 73,925 |
| 1206416 | $ 14,516 | $ 43,548 |
| 1206501 | $ 46,555 | $ 139,666 |

Appendix C – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by 40 Hours Worked

| | | |
|---|---|---|
| 1207728 | $ 63,838 | $ 191,513 |
| 1207851 | $ 27,052 | $ 81,156 |
| 1208228 | $ 74,249 | $ 222,748 |
| 1208624 | $ 3,964 | $ 11,893 |
| 1210158 | $ 57,837 | $ 173,511 |
| 1211769 | $ 62,081 | $ 186,243 |
| 1211944 | $ 61,579 | $ 184,738 |
| 1212841 | $ 11,781 | $ 35,343 |
| 1212842 | $ 25,204 | $ 75,613 |
| 1216097 | $ 10,799 | $ 32,397 |
| 1223847 | $ 36,157 | $ 108,471 |
| 1223902 | $ 15,208 | $ 45,623 |
| 1235056 | $ 61,360 | $ 184,081 |
| 1244465 | $ 5,016 | $ 15,047 |
| 1244475 | $ 27,907 | $ 83,722 |
| 1245415 | $ 20,699 | $ 62,096 |
| 1265370 | $ 64,756 | $ 194,269 |
| 1274776 | $ 30,624 | $ 91,871 |
| 1277245 | $ 18,899 | $ 56,696 |
| 1286734 | $ 70,511 | $ 211,534 |
| 1291510 | $ 60,864 | $ 182,593 |
| 1297231 | $ 61,584 | $ 184,753 |
| 1302426 | $ 61,258 | $ 183,775 |
| 1306423 | $ 8,513 | $ 25,538 |
| 1308174 | $ 32,837 | $ 98,512 |
| 1319861 | $ 28,377 | $ 85,132 |
| 1320644 | $ 58,249 | $ 174,748 |
| 1349116 | $ 13,699 | $ 41,096 |
| 1353928 | $ 50,557 | $ 151,671 |
| 1360307 | $ 11,672 | $ 35,016 |
| 1372398 | $ 50,868 | $ 152,603 |
| 1379701 | $ 27,470 | $ 82,411 |
| 1390148 | $ 10,150 | $ 30,451 |
| 1397590 | $ 74,884 | $ 224,652 |
| 1409247 | $ 8,811 | $ 26,433 |
| 1442807 | $ 17,178 | $ 51,535 |
| 1451124 | $ 10,931 | $ 32,792 |
| 1454234 | $ 29,510 | $ 88,529 |
| 1456341 | $ 33,018 | $ 99,054 |
| 1469077 | $ 6,294 | $ 18,882 |
| 1469805 | $ 40,051 | $ 120,152 |
| 1471475 | $ 32,842 | $ 98,526 |

Appendix C – Employee Breakdown of Non-Trebled and Trebled Alleged Potential Damages when Dividing by 40 Hours Worked

| | | |
|---|---:|---:|
| 1495914 | $ 35,970 | $ 107,909 |
| 1498647 | $ 25,639 | $ 76,916 |
| 1510116 | $ 6,097 | $ 18,291 |
| 1520095 | $ 782 | $ 2,345 |
| 1529507 | $ 8,067 | $ 24,200 |
| 1531859 | $ 5,370 | $ 16,109 |
| 1544533 | $ 9,299 | $ 27,897 |
| 1546370 | $ 1,930 | $ 5,791 |
| 1570611 | $ 53,742 | $ 161,226 |
| 1582457 | $ 12,506 | $ 37,517 |
| 1591134 | $ 6,394 | $ 19,183 |
| 1600000 | $ 7,853 | $ 23,558 |
| 1605090 | $ 25,166 | $ 75,497 |
| 1608530 | $ 10,874 | $ 32,622 |
| 1612229 | $ 9,591 | $ 28,774 |
| 1649355 | $ 23,202 | $ 69,605 |
| 1699604 | $ 1,313 | $ 3,938 |
| 1701264 | $ 12,897 | $ 38,691 |
| 1705806 | $ 11,803 | $ 35,409 |
| 1723388 | $ 1,803 | $ 5,409 |
| **Grand Total** | **$ 5,519,478** | **$ 16,558,433** |