# Exhibit 3

| | |
|---|---|
| **From:** | Glasgow, Ryan A. |
| **To:** | Steve Churchill; Benjamin Steffans |
| **Cc:** | Pardo, Christopher |
| **Subject:** | Prinzo/Hannaford: Method for Calculating Damages |
| **Date:** | Tuesday, July 27, 2021 5:16:00 PM |

Steve and Ben,

As we finalize the amount in controversy calculations for our opposition to Plaintiff's motion to remand, it has become increasingly obvious that it is essential to confirm Plaintiff's position as to the appropriate method for calculating alleged damages for Plaintiff's and the putative class members' overtime, Sunday, and Holiday premium pay claims. Judge Young will expect us to be in a position to represent to the Court whether the parties agree or disagree as to the appropriate damages method because the existence of any dispute over the damages calculation method has a direct impact on the amount in controversy calculation, and because if there is a dispute, it will alone be dispositive of the motion to remand.

As we have indicated during our meet and confer and in our prior correspondence, Hannaford contends that the damages calculation method set forth in the *Overnight Motor Transportation Co., Inc. v. Missel*, 316 U.S. 572 (1942) (recently reiterated in *Lalli v. General Nutrition Ctrs.*, 814 F.3d 1, 2-3 (1st Cir. 2016)), applies here. Under that method, the alleged overtime damages due on Plaintiff's and the putative class members' weekly salaries is calculated by (i) dividing the weekly salary by all hours worked in the applicable workweek; (ii) multiplying the resulting regular rate by .5; (iii) and then multiplying by the number of weekly overtime hours. The same method would also apply to Plaintiff's and the putative class members' Sunday and Holiday premium claims (albeit with adjustments to account for the time periods where the Sunday and holiday premiums due under the law were less than 1.5 times the regular rate).

Can you please confirm that Plaintiff agrees that the *Missel* damages calculation as outlined above applies to both her and the putative class members' overtime and Sunday and Holiday premium claims? If not, can you please explain how Plaintiff contends damages should be calculated?

We view this as an ongoing discussion required by Local Rule 7.1(a)(2) since, based on our ongoing assessment of both the underlying data and the applicable case law, if there is any dispute at all that *Missel* does not govern the calculation of damages relative *either* to Plaintiff or the members of the putative class, it is our position that your motion to remand should be withdrawn. If this ends up being the case, we would be willing to share our rough damage assessment with you and we would assent to your withdrawal of the motion. If you agree that *Missel* applies to both Plaintiff and the putative class, we do not need to discuss this issue any further, and

we will finalize our opposition brief.

Given our upcoming deadline, we would appreciate a written response by Thursday, July 29.  Thank you.



**Ryan A. Glasgow**
Partner
rglasgow@HuntonAK.com
p  804.788.8791
m 804.337.4868
f  804.343.4897
bio  |  vCard  |  LinkedIn
www.huntonlaborblog.com

Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

HuntonAK.com